[No. 14721.   Department Two. — September 1, 1892.]

JAMES MOFFATT, APPELLANT, *v.* A. E. BULSON, RESPONDENT.

CONTRACTS — ENTIRETY — PARTIAL ILLEGALITY OF CONSIDERATION — SALE OF HOMESTEAD — INVALID MORTGAGE. — Where, by oral agreement, the whole of a ranch, comprising in part land filed upon under the homestead act, together with the personal property on the ranch, is sold together, with the understanding that the vendor is to procure title to the homestead and deed it to the purchaser, and possession of the whole property is delivered, together with a conveyance of the part of the land of which the vendor has title in fee, and a mortgage is taken for the unpaid purchase-money upon the tract so deeded, the contract is entire, and the mortgage is vitiated by the illegal portion of the consideration, consisting of the sale of the homestead made before final proof, and cannot be foreclosed.

ID. — ORAL CONTRACT — EFFECT OF DEED AND MORTGAGE — EVIDENCE. — Upon foreclosure of the mortgage upon the tract deeded, evidence is admissible to show that the oral contract of sale was entire, and that a single consideration existed for the transfer of all the property, and the deed, note, and mortgage do not supersede the oral negotiations in such manner as to preclude oral evidence of the original verbal contract.

ID. — PAROL EVIDENCE AS TO CONSIDERATION — MERGER OF ORAL NEGOTIATIONS — CONSTRUCTION OF CODE. — A defendant who is sued upon a note, whether secured by mortgage or not, may show by parol evidence a want, or failure, or illegality of consideration; and section 1625 of the Civil Code, in reference to the merger and superseding of oral negotiations by written instruments, does not change the law as to parol evidence of the consideration of such instruments.

ID. — PLEADING — ILLEGALITY OF CONSIDERATION — CONCLUSION OF LAW. — Where the answer in the foreclosure suit sets up the facts showing that a portion of the land sold was taken up under the homestead act, it shows illegality of consideration of the mortgage given for the unpaid purchase-money, and it is not necessary to aver the mere conclusion of law that the consideration was illegal.

ID. — ENFORCEMENT OF ILLEGAL CONTRACT — SUBSEQUENT ACQUISITION OF

TITLE TO HOMESTEAD. — The contract for the sale of the homestead being illegal when made, no action can be maintained upon an executed portion of it, nor can the subsequent acquirement of title by the homestead claimant confer a right of action.

APPEAL from a judgment of the Superior Court of Plumas County.

*E. T. Hogan*, and *Reddy, Campbell & Metson*, for Appellant.

The execution of the contract superseded all the prior oral negotiations. (Civ. Code, sec. 1625.) The deed and mortgage are conclusive of the subject or matter of the contract, and exclude all of the other property referred to in the oral negotiations. The negotiations ended in the purchase of the land described in the deed and the mortgage. (*Nounnan* v. *Sutter County Land Co.*, 81 Cal. 7; *Schurtz* v. *Romer*, 82 Cal. 478; *Smith* v. *Taylor*, 82 Cal. 546; *West Coast Lumber Co.* v. *Apfield*, 86 Cal. 340; *Nicholson* v. *Tarpey*, 89 Cal. 620, 621.)

*Goodwin & Goodwin*, for Respondent.

The contract being entire, and a portion of the consideration being illegal, the note and mortgage fall, for want of consideration. (Civ. Code, sec. 1607, 1608, 1667; *Ladda* v. *Hawley*, 57 Cal. 52; *Swanger* v. *Mayberry*, 59 Cal. 93; *Beard* v. *Beard*, 65 Cal. 354; *McGregor* v. *Donelly*, 67 Cal. 149.) Evidence was admissible to show that the written instruments were executed in part performance only of the prior oral agreement. (*Julliard* v. *Chaffee*, 92 N. Y. 529; 1 Greenl. Ev., sec. 284 a; *Hutchins* v. *Hebbard*, 34 N. Y. 24; *Billings* v. *Everett*, 52 Cal. 663.)

HAYNES, C. — This action was brought to foreclose a mortgage made by respondent to appellant. The note and mortgage were made March 5, 1888, the note being for five thousand dollars, payable in annual installments of five hundred dollars, together with annual interest on the principal unpaid at ten per cent per annum. The answer alleged that on December 22, 1886, plaintiff was

in the possession and actual occupancy of a certain ranch known as the Moffatt and Rable ranch, containing 560 acres, 80 acres of which he had filed upon under the desert-land act; that another part of said ranch, containing 160 acres, plaintiff had filed upon under the homestead act; and that plaintiff had title in fee to the remaining 320 acres, but had not made final proof or payment for either of said tracts of government land; and that plaintiff also owned certain personal property then upon said ranch, consisting of horses, farming implements, furniture, etc.; that on said twenty-second day of December, 1886, plaintiff and defendant made an oral contract, whereby plaintiff agreed to sell to defendant the whole of said ranch and personal property for the sum of $10,000, and to convey to defendant said 320 acres to which he had title, and deliver said personal property, and to put defendant in possesion of the whole of the ranch, upon the payment of one half of said purchase-money, at which time defendant was to execute to plaintiff his promissory note for the remaining $5,000, and a mortgage upon the 320 so conveyed to him, to secure said note, and that plaintiff further agreed to obtain title as soon as possible to said tracts of government land, and as soon as he had done so, to convey them to defendant; that on March 5, 1887, he paid plaintiff $5,000; that plaintiff then conveyed to him said 320 acres, and delivered to him the possession of all said ranch and personal property, and defendant made and delivered said note and mortgage upon which this suit was brought; that on the 24th of March, 1887, plaintiff made final proof and payment upon said homestead entry, and obtained his certificate of purchase thereof, and on September 24, 1888, he made final proof and payment under his desert-land entry, and obtained a certificate of purchase of the same. He further alleged that prior to March 5, 1888, and at sundry times afterwards, he demanded of plaintiff a conveyance of said desert-land and homestead tracts, but that plaintiff then and ever

since refused to convey the same.   It also appeared from
the complaint, as well as from the answer, that on Au-
gust 4, 1888, defendant paid on the note and mortgage
$1,040.66.   The court found upon all the issues raised
by the answer in favor of defendant, and as conclusions
of law found that the contract was entire; that it was il-
legal, so far as it related to the homestead land; that
plaintiff and defendant were equally in the wrong in en-
tering into said contract; that the consideration of said
note and mortgage could not be enforced; and that the
action should be dismissed, without costs.   The appeal
is taken from the judgment dismissing the action upon
the judgment roll alone.

That a contract to sell and convey lands taken up un-
der the homestead laws, made before final proof, is ille-
gal and void is not disputed.   (U. S. Rev. Stats., sec.
2262.)   The learned counsel for appellant contend, how-
ever, that the oral agreement was void under section
1624, subdivision 5, of the Civil Code, as well as illegal un-
der subdivisions 1, 2, section 1667.   Upon these proposi-
tions, they contend that as all the negotiations, including
the offer of defendant to purchase and the acceptance of
the offer by plaintiff, were oral, the execution of the deed
by plaintiff, and of the note and mortgage by defendant,
on the 5th of March, 1887, not only eliminated the ille-
gal element from the agreement, but that the execution
of these instruments constituted the only contract be-
tween the parties, and superseded the oral negotiations
or stipulations concerning the matter or subject referred
to which preceded or accompanied their execution, and
that what the subject-matter of the contract was is to be
ascertained from the deed and mortgage; citing Civ.
Code, sec. 1625.   There is no doubt of the correctness of
counsel's contention in a case to which section 1625 of
the Civil Code applies; but that section has never been
construed to prevent a defendant who has been sued on
a promissory note, whether secured by mortgage or not,
to show by parol evidence a want, or failure, or illegality
of consideration.   Section 1962 of the Code of Civil Pro-

cedure enumerates all the conclusive presumptions of law, and section 1963 of the same code provides: "All other presumptions are satisfactory, if uncontradicted. They are denominated 'disputable presumptions,' and may be controverted by other evidence. The following are of that kind: . . . . 21. That a promissory note or bill of exchange was given or indorsed for a sufficient consideration. . . . . 39. That there was a good and sufficient consideration for a written contract." (See also Civ. Code, secs. 1614, 1615.) Subdivision 2, section 1962, of the Code of Civil Procedure excepts from the conclusiveness of a written instrument the recital of a consideration. The deed executed by the plaintiff to defendant is not in the record, and it cannot be presumed that it contained any recital or provision not necessary to its operation as a conveyance of the parcel of land conveyed thereby. Even if it did, it would not be conclusive; for while " the general rule of law is, that recitals in a deed bind all persons who are parties or privies thereto, it does not extend to that which is mere description, or an averment that is not essential." (*Osborne* v. *Endicott,* 6 Cal. 153; 65 Am. Dec. 498; *Ingersoll* v. *Truebody,* 40 Cal. 610; *Rhine* v. *Ellen,* 36 Cal. 362.)

These cases conclusively show that " the grantee may prove by parol that the consideration was wholly different from that expressed in the deed, and depends upon conditions which had not happened, and might never happen." If, therefore, neither a promissory note nor a deed excludes parol evidence of the consideration, it is difficult to conceive any reason or rule of law which could have precluded the court from receiving oral testimony showing the contract to have been entire, and that a single consideration existed for the transfer of all the property. Section 1625 of the Civil Code did not change the law in relation to written instruments. In *Davenport* v. *Mason,* 15 Mass. 90, the court, after reciting the general rule that parol evidence is inadmissible to contradict or vary the terms of a deed, added: " But parol evidence may be admitted to establish an independent

fact, or to prove a collateral agreement incidentally connected with the stipulations of a deed or other written contract." (See also *McCrea* v. *Purmort,* 16 Wend. 460; 30 Am. Dec. 103.) In the case at bar the only connection between the deed and the facts proved by parol and found by the court was incidental, and in no way tended to change or contradict any part of the deed essential to its operation as such. The facts that on the same day plaintiff delivered the personal property, and also put defendant in possession of both the tracts of government land, as well as that conveyed by the deed, were quite sufficient to show a prior agreement relating thereto, and were sufficient acts of part performance to have made oral testimony of the terms of such agreement competent as a basis for the specific performance of it. (Pomeroy on Specific Performance, secs. 107, 115.) Indeed, the contention of counsel, if carried to its logical conclusion, would defeat the equitable ground of relief based upon part performance of an oral agreement, — at least, in cases where more than one parcel of land was agreed to be conveyed, after one of them had, in fact, been conveyed. The court, so far as its legal right to do so was concerned, properly found that the contract was entire, and upon this record that finding can be questioned upon no other ground. Counsel's contention that the findings do not support the judgment, and that the answer does not state facts sufficient to constitute a defense, are based upon the ground already discussed, viz., that the deed, note, and mortgage superseded the oral negotiations which preceded, and that oral evidence of the original verbal contract could not be received or considered. It is, however, further urged that the answer does not set up either illegality or want of consideration, but on the contrary, complains of the non-performance of the contract on the part of the plaintiff. The answer alleges the facts from which the several conclusions mentioned may be drawn, and in a pleading they would be mere conclusions of law, not necessary to be alleged. If the answer had not alleged that one

of these tracts of land was taken up under the homestead act, no illegality would have appeared, and the defense would have been non-performance of the contract on the part of the plaintiff. The court, however, found the contract to be entire, and so within section 1608 of the Civil Code, which provides: "If any part of a single consideration for one or more objects, or of several considerations for a single object, is unlawful, the entire contract is void." If the illegal element had not been introduced into the oral contract of December, 1886, defendant might have successfully insisted upon a specific performance of that contract; but if that contract was illegal, no action can be maintained upon unexecuted portions of it, and upon that ground also plaintiff's action could not be maintained. The subsequent acquirement of the land by certificate of purchase did not confer a right of action. (*Ladda* v. *Hawley*, 57 Cal. 51.) No error appearing upon the record, I advise that the judgment be affirmed.

TEMPLE, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the judgment is affirmed.

McFARLAND J., DE HAVEN, J., SHARPSTEIN, J.