[Civ. No. 7561.   First Appellate District Division One.—April 17, 1931.]

WILLIAM G. STEVENS et al., Appellants, v. BOYES HOT SPRINGS CO. (a Corporation) et al., Respondents.

Lakin & Leve for Appellants.

Robert G. Partridge and Carl W. Wynkoop for Respondents.

TYLER, P. J.—Action to recover a balance alleged to be due upon a promissory note payable to plaintiffs and executed by defendant Boyes Hot Springs Company, a corporation. The note was dated July 6, 1922, and was in the sum of $6,800 and it provided for five payments in yearly installments of $1360 each, together with interest. In the complaint it is alleged that the note was duly and regularly executed by defendant corporation and, as consideration for it, plaintiffs transferred and delivered to the corporation 10,000 shares of its capital stock, and at the same time also delivered and surrendered to it a certain promissory note which the plaintiff William G. Stevens held

against one R. G. Lichtenberg amounting in principal and accrued interest to the sum of $1753, the total consideration for the stock and note being the sum of $8,500. Thereafter a payment was made by the company in the sum of $1700 upon the account and a promissory note was executed by it for the balance in the sum of $6,800 as above recited. Thereafter on the sixteenth day of August, 1923, defendant company paid to plaintiffs the first installment provided for in the note, to wit, $1516, being principal and interest to date. It is then alleged that defendant Sonoma Properties Company, a corporation, assumed the liabilities and received the assets of defendant Boyes Hot Springs Company. Nonpayment by either defendant of the balance of the note, amounting to the sum of $5,440 is recited. Defendant Boyes Hot Springs Company by its answer denied the validity and legality of the note, on the ground that the sole and only consideration for the same was the surrender and transfer to defendant Boyes Hot Springs Company of 10,000 shares of the capital stock of said corporation by the plaintiffs; that the purpose and result of such transaction was to diminish, withdraw and deplete the capital stock and assets of such corporation in contravention and violation of sections 309 and 359 of the Civil Code of this state. By way of cross-complaint it prayed for a rescission and cancellation of the note and the return to it of the sum of $1516, being the amount of the first installment and interest paid by it as above referred to. Defendant Sonoma Properties Company also filed an answer making certain denials. After trial the court made its findings relating to the due execution of the note and the payment made thereon. It further found that the only consideration for the instrument was the 10,000 shares of stock transferred, and that the payment of the first installment of $1516 effected a division, withdrawal and diminution of the capital stock of the corporation, contrary to the provisions of the Civil Code above referred to; that the transaction was therefore void and of no effect. In accordance with these findings, the court thereupon made its conclusions of law to the effect that defendant and cross-complainant Boyes Hot Springs Company was entitled to the return to it by plaintiffs and cross-defendants of the sum of $1516 paid to them; that there was nothing due to the plaintiffs and cross-

defendants, or either of them, from the defendant Sonoma Properties Company; that plaintiffs and cross-defendants are entitled to the return of their certificates of stock. Judgment was rendered accordingly. Motion for a new trial was made, which was not acted upon and became automatically denied pursuant to the provisions of section 660 of the Code of Civil Procedure.

In support of the appeal appellants present the argument that the transaction being one merely *ultra vires* of the authority of the corporation, it is bound by its contract for the reason that, such contract having been fully performed by plaintiffs and partially performed by defendant corporation, the company is estopped from invoking the plea of *ultra vires*. We cannot subscribe to this conclusion. If, as contended, the transaction was one merely *ultra vires* of the authority of the corporation, there would be much force to appellants' contention. There is, however, a broad distinction between contracts which are voidable merely for want of authority to execute them, and contracts which are illegal and void *ab initio*. An *ultra vires* contract must have been legal in its inception, but beyond the authority of the parties to perform. Here neither of the parties had either authority or power to consummate the contract as they were prohibited by law from so doing. A contract which is either *malum per se* or *mala prohibitum* cannot be enforced and its invalidity may be set up at any time as a defense to an action thereon for its enforcement. (*Wagg* v. *Toler*, 80 Cal. App. 501, 510 [251 Pac. 973].) Nor is the doctrine of estoppel applicable to the situation. The contract being void *ab initio*, neither action nor nonaction of a party to it can validate it and no conduct of a party can be invoked as an estoppel against asserting invalidity. (*Lukens* v. *Nye*, 156 Cal. 498 [20 Ann. Cas. 158, 36 L. R. A. (N. S.) 244, 105 Pac. 593].) Here the prohibition of the statute made the entire transaction void *ab initio* and of no effect. In this connection there can be no difference between executory and executed contracts. Appellants cite us to the cases of *McKee* v. *Title Ins. etc. Co.*, 159 Cal. 206 [113 Pac. 140], and *Stewart* v. *Stewart Hotel Co.*, 33 Cal. App. 167 [164 Pac. 620], as opposing this conclusion. The McKee case was one in which it was claimed that certain bonds of a

corporation had not been issued in accordance with section 359 of the Civil Code. The case does not support appellants' contention. There is a broad distinction between the irregular issuance of bonds by a corporation and the purchase by it of its capital stock, an act which the law declares illegal. In the Stewart case the purchase was made to save the company from financial ruin, in which case a purchase was authorized by statute. This case extensively reviews the authorities and holds that, beyond the exceptions declared by statute, a corporation has no power to purchase its own stock, since the result of such a transaction would be to illegally withdraw and pay to a stockholder a part of the capital stock of the corporation. (See, also, *Schulte* v. *Boulevard Gardens Land Co.*, 164 Cal. 464 [Ann. Cas. 1914B, 1013, 44 L. R. A. (N. S.) 156, 129 Pac. 582].) Upon this subject we conclude that the defense relied on by defendants, namely, that the contract was void as being prohibited by statute, is sound, and the conclusion of the trial court upon this subject is correct. Contracts of this character being unlawful and against the express law and public policy, cannot be enforced and they are void *ab initio*. (Sec. 1667, Civ. Code.) ▮ The doctrine of *ultra vires* is not here involved and has nothing to do with the transaction, nor does the amendment of 1929 to section 355 of the Civil Code, as claimed, alter or change the situation. The amendment does not affect the general laws of the state which limit the powers of corporations. It simply permits an impairment of the capital stock of a corporation under certain circumstances, and has no reference to a situation such as is here presented.

▮ And finally appellants complain that the judgment granting to defendants affirmative relief, in effect allows full rescission of the contract after a period of seven years. Whatever effect the judgment may have, the action of the trial court was proper. Appellants were charged with knowledge of the law when they entered into the illegal contract. It was the right and duty of the court to declare the contract illegal and place the parties *in statu quo*. This is the effect of the judgment. It is suggested that it was impossible to place the parties *in statu quo* by reason of the Lichtenberg note. This transaction was a separate and distinct one. The Lichtenberg note was paid and dis-

charged separately and the stock transaction had no connection with it. The trial court found that the sole consideration for the note here involved was the transfer to the corporation of its own capital stock. The evidence supports the finding.

The judgment is affirmed.

Knight, J., and Ward, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 16, 1931, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 11, 1931.