[Civ. No. 13306.   Second Dist., Div. Two.   Dec. 1, 1941.]

ERNA STEPHAN, Respondent, v. CAROLINE OBER-SMITH, Appellant.

S. S. Hahn, W. O. Graf and David Silverton for Appellant.

Chris Wilson for Respondent.

SCOTT (R. H.), J. *pro tem.*—From judgment for plaintiff in an action to cancel an option agreement covering certain property and to quiet title thereto defendant appeals.

The evidence shows that plaintiff's husband died May 31, 1937, and she decided to sell her house and furniture.   When

she returned from work on June 15, 1937, tired, hungry and still suffering from the shock of her husband's death, she was persuaded to sign an agreement giving defendant an option to purchase them, for which defendant paid her $10. Prior to that time she had never met defendant and knew nothing of the legal effect of such an option. The sale price in the option agreement was $2750, although plaintiff valued the house at $3500 and the furniture at $400. Defendant at the time assured her that the option really meant nothing and had no legal effect, and that defendant would pay her $3500 for the house and furniture notwithstanding the lower figure contained in the option agreement. Because of plaintiff's mental and nervous condition she was induced and persuaded to sign the agreement without intending or expecting thereby to become obligated to divest herself of her small estate for an inadequate consideration. It may have been indicative of plaintiff's state of mind that she signed her name not with ink but with blueing. The next day defendant had a notarial acknowledgment affixed to the document and two days later had it recorded.

Defendant returned to plaintiff's home on the evening of June 16 and announced her intention to exercise her option. Thereupon plaintiff protested that she had made no agreement to sell, and could not even identify the document as being the one she signed, at least in the form and containing the terms as above indicated. Defendant then remarked to a friend of plaintiff who was present: "I am willing to give this lady $3500 for the property." This declaration, however, may have been induced by the fact that this friend, a lady of some 84 years of age, on learning of the terms of the option agreement grabbed defendant by the neck, called her a "crook" and threatened to throw her out of the house. On June 18, when defendant again called at the house, plaintiff handed her the $10, which upon its refusal by defendant fell to the floor. Eleven days later defendant told plaintiff over the telephone that she had decided to take her money out of escrow and that she did not want the property. Shortly thereafter plaintiff's written notice of rescission was served on defendant.

The trial court's determination favorable to plaintiff is supported by sufficient evidence. The complaint and findings are assailed by defendant as being insufficient and conflicting.

On January 20, 1938, plaintiff filed her original complaint containing three counts, the first and third charging fraudulent alteration of the option agreement and the second count alleging ownership in plaintiff and an adverse wrongful claim by defendant. At the conclusion of the trial, and on February 2, 1940, plaintiff filed an amended complaint to conform to the proof. Five counts were set out. Count one alleged ownership in plaintiff; that defendant induced and persuaded her to execute the option; that the property was worth $3900; that defendant had altered the option; that plaintiff had rescinded and offered to return the consideration, and that the price given in the option is grossly inadequate. The court found the charge of alteration was not sustained and found the other allegations to be true. Count two alleged fraudulent representation by defendant, relied on by plaintiff, that the former would pay $3500 for the property notwithstanding the terms of the option. Count three alleged an absence of voluntary consent due to plaintiff's mental and nervous condition. Count four alleged that at the time the option was signed it was agreed by the parties that it was of no force or effect and that a subsequent written agreement would be required to obligate plaintiff to sell the property. Count five alleged ownership in plaintiff and adverse wrongful claim of defendant. The allegations of counts two, three, four and five were found to be true. None of them alleged rescission. The prayer of the amended complaint asked cancellation of the option and a decree quieting title in plaintiff, which the trial court granted. Damages were also sought but were disallowed.

Considered separately the various counts of the amended complaint might be considered vulnerable to a demurrer, and we should not be understood to approve the obvious irregularities appearing in the pleading. In the interest of justice we have been constrained to look beyond the imperfections of the record and to ascertain: (1) Does the amended complaint taken as a whole state facts sufficient to constitute a cause of action against defendant to cancel the option agreement and quiet title to the real property and furniture in the plaintiff? (2) Has the trial court found these essential allegations to be true? (3) Does the evidence support these findings? (4) Has defendant been deprived of any substantial right, especially that of fully and fairly presenting her case, due

to being misled or surprised or for any other reason for which plaintiff may be held responsible? We conclude that the complaint, findings and evidence, thus considered, support the judgment and that defendant has had her day in court.

A complaint to quiet title and, as incidental thereto, to have declared void the instrument under which the defendant asserts title, states but a single cause of action (*Earl* v. *Lofquist,* 135 Cal. App. 373 [27 Pac. (2d) 416]); and it is apparent that counts two, three and four herein are intended to be and are no more than elaborations of the charge of fraudulent inducement and persuasion set out in count one.

The testimony of plaintiff and her witnesses was sufficient to support the findings of the trial court that there was no contract between the parties; that the signature of plaintiff was induced by the statements and promises made by defendant as specified in the second paragraph of this opinion; that the statements were not true and that the promises were made without any intention on the part of defendant of performing them. That evidence established the fraudulent purpose of defendant to obtain plaintiff's property to the latter's detriment. Contradictory statements by defendant are of no avail in view of our conclusion that the evidence supports the findings of the trial court in favor of plaintiff. Plaintiff's signature on a document which she did not understand and which purported to bind her to consent to do that which she did not wish or intend to do was followed by a rescission when its purport became clear. She is entitled to be relieved of the burden thus wrongfully placed upon her.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 29, 1942. Edmonds, J., and Houser, J., voted for a hearing. Spence, J., acting *pro tem.*