**UNITED STATES of America, Appellant,**

v.

**Earl F. EMMONS and Andreas Corporation, Appellees.**

**No. 19842.**

United States Court of Appeals Ninth Circuit.

Oct. 6, 1965.

**604**

Edwin L. Weisl, Jr., Asst. Atty. Gen., Roger P. Marquis, Elizabeth Dudley, Attys., Dept. of Justice, Washington, D. C., Manuel L. Real, U. S. Atty., Richard J. Dauber, Asst. U. S. Atty., Los Angeles, Cal., for appellant.

Roy H. Mann, Clayson, Stark, Rothrock & Mann, Corona, Cal., for appellees.

Before BARNES, BROWNING and DUNIWAY, Circuit Judges.

BARNES, Circuit Judge:

The United States filed a complaint in ejectment, to quiet title, for cancellation of an instrument, and for damages, alleging it was the holder of fee simple title in trust to certain allotted Indian land, for the benefit of one Lorene Welmas McGlamary, a member of the Agua Caliente (Palm Springs) Band of Mission Indians. She had made an "approved lease," dated April 1, 1955 with appellee Emmons, but Emmons had made an unapproved assignment to Andreas Corporation, and an unapproved "side agreement" dated October 31, 1956, with McGlamary agreeing to a fifty year extension of the lease.

The statute pertinent to this transaction provided that any conveyance of the Indian lands, "or any contract touching the same" during the trust period, "shall be absolutely null and void." Act of January 12, 1891; 26 Stat. 712 § 5.

The trial court found the side agreement "touched the land," and was void as against the United States; but specific-

ally refused to make any ruling "concerning the validity of the side agreement as between McGlamary and defendants," inasmuch as McGlamary was not a party to the litigation.

The government protests that the side agreement must be found void for all purposes—that McGlamary was not a necessary party, as the government acts for the allottee in prosecuting the action.

■ The government in this type of suit acts in its capacity as guardian on behalf of the Indians involved. It has no pecuniary interest to protect for itself, and needs none. Despite the fact title is in the Indian allottee, "It was not necessary to make these grantors parties, for the government was in court on their behalf. Their presence as parties could not add to, or detract from, the effect of the proceedings to determine the violation of the restrictions and the consequent invalidity of the conveyances." Individual Indians could not compromise the suit, nor dismiss it, nor estop the United States; "nor could they assume any attitude with respect to their interest which would derogate from its complete representation by the United States." Heckman v. United States, 224 U.S. 413, 445, 32 S.Ct. 424, 56 L.Ed. 820 (1912). "The decree binds not only the United States but the Indian whom it represents in the litigation." (idem, p. 446, 32 S.Ct. p. 434) Thus, "the grantees are in no danger of double litigation." (idem, p. 445, 32 S.Ct. p. 434)

■ The provisions of the statute makes a holding of absolute nullity mandatory. As the government's brief states, there was no option in the district court not to adjudicate all rights submitted to it. It should have. United States v. Langendorf, 322 F.2d 25 (9th Cir. 1963).

We note on this appeal the government did not urge a reversal of that portion of the judgment holding the United States could not recover damages.

The matter is remanded for entry of a judgment adjudging the "side agreement" null and void for all purposes.