62 F.3d 424
 314 U.S.App.D.C. 101
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
LuEthel Tate GREEN, Appellant,
v.
HOWARD UNIVERSITY, Appellee.
 No. 92-7231.
 United States Court of Appeals, District of Columbia Circuit.
 July 18, 1995.
 
 Before: Williams, Ginsburg and Sentelle, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on appeal from the United States District Court for the District of Columbia and was briefed and argued by counsel. This Court disposed of part of the case in an order dated March 31, 1994, but held the remainder in abeyance pending the decision of the District of Columbia Court of Appeals in Howard University v. Green, 652 A.2d 41 (D.C. 1994), reh'g denied, No. 93-CV-18 (D.C. May 15, 1995) (en banc). Counsel have provided supplemental briefing on the issues raised by the recent resolution of that parallel litigation. Those issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C. Cir. R. 36(b).
 
 
 2
 Howard now claims that Green's appeal is barred by the doctrine of res judicata. Although such a claim should normally be raised in the trial court, "where a judgment becomes final while an appeal from a judgment in another action presenting the same issue between the same parties is pending, the first final judgment may be brought to the attention of the appellate court in which the appeal is pending and may there be relied upon as res judicata." Palm Springs Paint Co. v. Arenas, 51 Cal. Rptr. 747, 751 (Cal. Dist. Ct. App. 1966); see also Hart Steel Co. v. Railroad Supply Co., 244 U.S. 294, 298-99 (1917) (where two appeals had been pending between the same two parties on the same cause of action and one appeal was then decided, the other court "fell into error" by refusing to apply the doctrine of res judicata). Even if Howard had not raised the issue, however, we would probably have authority to examine it on our own motion. See Plaut v. Spendthrift Farm, Inc., 115 S. Ct. 1447, 1459 (1995).
 
 
 3
 Green argues that res judicata cannot apply because the claims she has presented in the two litigations are too different. But in suits between identical parties arising out of the same transaction, res judicata operates to "'merge' into the prior judgment any available claims that plaintiff failed to raise in the antecedent litigation, preventing their consideration in a new action." Smith v. Jenkins, 562 A.2d 610, 613 (D.C. 1989). We think it obvious that Green's reprisal and breach-of-contract claims arise from the same transaction--in her words, "the circumstances of appellant's being laid off unfairly on June 5, 1990." Appellant's Reply of June 28, 1995 at 2. The final judgment of the District of Columbia Court of Appeals in Howard University v. Green bars any further litigation arising from that termination. Accordingly, it is
 
 
 4
 ORDERED AND ADJUDGED, by the Court, that the judgment of the district court is hereby affirmed.
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C. Cir. R. 41(a)(1).