[Civ. No. 2897. First Appellate District, Division Two.—July 7, 1919.]

## MANUEL AVERY, Appellant, v. FRANKLIN L. AVERY et al., Respondents.

[1] DEEDS—DELIVERY—INFERENCES--FINDING.—In an action to quiet title to certain real property claimed by the defendants under deeds alleged by plaintiff not to have been delivered, if the evidence upon the question of delivery is such that different inferences might reasonably be drawn therefrom, the finding of the trial court is conclusive.

[2] ID.—RECORDATION DELAYED—DELIVERY NOT AFFECTED.—The fact that a grantor requests that the deeds should not be recorded until the happening of some future event will have no effect upon their delivery.

[3] ID.—JUDGMENT OF INSANITY — EVIDENCE.—A judgment that a given person is insane establishes the mental condition of such person only as of the date of the judgment, and is not proof of insanity at a time prior to the date stated therein.

[4] ID.—CERTIFICATE OF MEDICAL EXAMINERS—EVIDENCE.—A certificate of the medical examiners attached to such judgment stating, among other things, that the "present attack began one and one-half months ago," is not conclusive of the fact as against persons not parties to the proceeding.

[5] ID.—DISPOSITION OF PROPERTY — TEST OF CAPACITY.—It is not every symptom or indication of insanity which will render one incompetent to dispose of his property. If one is able to understand and carry in mind the nature and situation of his property, and his relations to his relatives and those around him, with clear remembrance as to those in whom and those things in which he has been mostly interested, and is capable of understanding the act he is doing and the relation in which he stands to the objects of

---

5. Capacity to make contract as affected by mental condition, note, 3 L. R. A. (N. S.) 174; to make deed, note, 19 L. R. A. 489.

his bounty, free from any delusion, the effect of disease, which might lead him to dispose of his property otherwise than he would if he knew and understood what he was doing, he has the capacity to dispose of his property.

APPEAL from a judgment of the Superior Court of Alameda County. William M. Conley, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

F. W. Sawyer for Appellant.

A. J. Woolsey, F. J. Castelhun and F. H. Bartlett for Respondents.

LANGDON, P. J.—This is an action to quiet title to five lots described in the complaint and situated in Berkeley, Alameda County. From a judgment for the defendants, the plaintiff appeals. The defendants answered separately, each claiming a different portion of the land described in the complaint as grantees of Fidelius Avery, deceased. It is conceded that on the twenty-sixth day of May, 1915, title to this land was in Fidelius Avery, the foster father of the plaintiff. Plaintiff claims title thereto as his heir at law, asserting first, that the deeds under which the defendants' claim as grantees were never delivered during the lifetime of the grantor, and, second, that if such deeds were delivered, they were nevertheless executed and delivered at a time when the grantor was insane and therefore incompetent to make any contract.

[1] The first contention may be very briefly disposed of. The evidence upon the question of delivery was such that different inferences might reasonably have been drawn therefrom, and under such circumstances the finding of the trial court is conclusive. [2] The fact that the grantor requested that the deeds should not be recorded until the happening of some future event would have no effect upon their delivery. (*Lewis* v. *Brown*, 22 Cal. App. 38, [133 Pac. 331].) The deeds would pass title without recording. In so far as the deeds to Franklin Avery are concerned, there can be no doubt that there was an unconditional delivery to him which passed title. These deeds were delivered to him personally, and section 1056 of the Civil

Code, provides that: "A grant cannot be delivered to the grantee conditionally. Delivery to him, or to his agent as such, is necessarily absolute, and the instrument takes effect thereupon, discharged of any condition on which the delivery was made." (*Mowry* v. *Heney,* 86 Cal. 471, [25 Pac. 17]; *Lewis* v. *Brown,* 22 Cal. App. 38, [133 Pac. 331].) As to the delivery to the other defendants, some question might arise from the evidence as to whether Franklin Avery in receiving the deeds from the grantor was acting as the agent of the grantor or as the agent of the grantees, but, as stated before, either inference would be warranted from the evidence, and the trial court has resolved the doubt in favor of the defendants by its finding.

This leaves for our consideration only the contention of appellant that the evidence does not warrant the finding that at the time the said deeds were executed and delivered by the grantor the said grantor was of sound and disposing mind. The evidence shows that the deeds were all executed on May 26, 1915, and that the grantor was judicially declared insane and ordered confined in the Agnews State Hospital for the insane on June 23, 1915. The testimony of Franklin Avery and the testimony of the notary public who made out the deeds at the request of the grantor, and before whom said deeds were executed, was to the effect that at the time the deeds were executed and delivered the grantor was of sound mind. It is true the record discloses contradictory testimony upon this question, and the appellant relies especially upon the record in the insanity hearing which was introduced in evidence in this case. [3] The judgment therein established the insanity of the grantor only as of the date of the judgment. It has been held that it is not conclusive as to even that fact against those who were not parties. (*Den* v. *Clark,* 10 N. J. L. 217, [18 Am. Dec. 417].) But be that as it may, it is clear that such judgment is not proof of insanity at a time prior to the date stated therein, for there is a legal presumption of sanity in regard to every man, and therefore proof of insanity at one time carries no presumption of its past existence. (*Estate of Dolbeer,* 3 Cof. Prob. Dec. 249.) [4] Appellants argue that as the certificates of the medical examiners attached to the judgment of the court stated, among other things, that the "present

attack began one and one-half months ago," the plaintiff may not introduce evidence contrary to this recital. The answer to this objection is that the statement of the medical examiners has not even the force of a judgment, and it is clearly not conclusive of the fact recited against persons not parties to the proceeding. Furthermore, it appears from the same certificate that the following question appearing thereon was left unanswered by the examiners: "Was the present attack gradual or rapid in its onset?" We therefore have in the record no statement by the examiners as to whether the insanity stated by them to have begun one and one-half months previously came on suddenly, rendering the subject incompetent from that time, or whether its effects were gradual and slow or intermittent, which latter conditions might be consistent with capacity to make the deeds at the time they were made. [5] For it is not every symptom or indication of insanity which will render one incompetent to dispose of his property. It has been said that if one is able to understand and carry in mind the nature and situation of his property, and his relations to his relatives and those around him, with clear remembrance as to those in whom and those things in which he has been mostly interested, and is capable of understanding the act he is doing and the relation in which he stands to the objects of his bounty, free from any delusion, the effect of disease, which might lead him to dispose of his property otherwise than he would if he knew and understood what he was doing, he has the capacity to dispose of his property. (*Whitney* v. *Twombly,* 136 Mass. 145; *Estate of Motz,* 136 Cal. 558, [69 Pac. 294]; *Estate of Houston,* 163 Cal. 169, [124 Pac. 852].) We cannot, therefore, disturb the finding of the trial court in regard to the competency of the grantor, and the judgment is affirmed.

Brittain, J., and Haven, J., concurred.