**BROWN, Adm'r of Office of Price Administration, v. BERNSTEIN.**

**Civ. No. 1161.**

District Court, M. D. Pennsylvania.

March 25, 1943.

Russell J. O'Malley and Paul F. Gibbons, both of Scranton, Pa., for plaintiff.

J. Julius Levy and Irving L. Epstein, both of Scranton, Pa., for defendant.

JOHNSON, District Judge.

The plaintiff, Prentiss M. Brown, Administrator, Office of Price Administration, on March 17, 1943, secured in this Court an order upon the defendant requiring him to appear on March 22, 1943, or as soon thereafter as counsel could be heard, and

show cause why he should not be restrained from making any further deliveries of beef or veal in violation of a governmental restriction order. On the date the rule to show cause was issued this Court made an additional order that for a period of ten days the defendant be enjoined and restrained from making any such deliveries of beef and veal.

On March 23, 1943, the defendant, by counsel, appeared in Court and moved to dissolve the temporary restraining order, assigning the following reasons therefor:

"The temporary restraining order was granted in violation of Rule 65(b) of the Rules of Civil Procedure for the District Court of the United States, in that:

"(a) The temporary restraining order was granted without notice to the defendant;

"(b) No specific facts are shown in the affidavit attached to the complaint that immediate and irreparable injury, loss or damage will result to the Administrator-Plaintiff, the applicant, before notice could have been served and a hearing could have been had thereon;

"(c) That the complaint is not verified;

"(d) That the complaint fails to clearly show that irreparable injury, loss or damage will result to the administrator-plaintiff, the applicant, before notice could have been served and a hearing could have been had thereon;

"(e) That the restraining order so granted does not define the injury, nor does it state why it is irreparable, and why the order was granted without notice;

"(f) The restraining order does not conform to Rule 65(d) of the Rules of Civil Procedure, in that it does not set forth the reasons for its issuance; it is not specific in its terms; and it fails to describe in reasonable detail, the act or acts sought to be restrained."

Rule 65(b) of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c, provides: "Temporary Restraining Order; Notice; Hearing; Duration. No temporary restraining order shall be granted without notice to the adverse party unless it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had thereon. Every temporary restraining order granted without notice shall be in-dorsed with the date and hour of issuance; shall be filed forthwith in the clerk's office and entered of record; shall define the injury and state why it is irreparable and why the order was granted without notice; and shall expire by its terms within such time after entry, not to exceed 10 days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period. * * *"

■ In this case the temporary restraining order was granted without notice to the defendant. This is proper if, as stated in Rule 65(b), "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had thereon". The Court is of the opinion that sufficient facts appear in the complaint to justify this Court in the issuance of such an order. The Office of Price Administration is engaged in the enforcement of an Act of Congress designed to promote the conduct of the war. Any interference with the efficient conduct of the war will work immediate and irreparable injury, loss and damage. It is not necessary that the injury, loss or damage will result to the Administrator-Plaintiff, as is suggested by the defendant. The Administrator, Prentiss M. Brown, has not brought this action in his own right but as an Officer of the Federal Government charged with enforcement of matters of National safety committed to his department, and any injury, loss or damage would be suffered by the nation at large, its armed forces and its allies. The question whether the injury, loss or damage would result before notice could have been served and a hearing held can best be answered by stating that this question must be viewed as one of National importance and not confined to this single instance. It is possible for a period of two weeks to elapse before final determination of such a question as is here presented, and if defendant be permitted during that period to slaughter beef and veal without restriction, the injury, loss or damage to the war effort might reach monumental proportions when we consider the large number of slaughterers throughout the nation whose actions are to be held under control by the Office of Price Administration.

The defendant in his motion asserts that the complaint is not verified. Rule 65(b) provides two methods by which the facts relied upon by the complainant can be verified: First, by affidavit upon the complaint proper and, secondly, by separate affidavit. In the instant matter complainant set forth certain facts in the unverified complaint and in the attached exhibit, which is a part of the complaint, and filed a separate affidavit in which it is alleged by the affiant, an investigator in the Office of Price Administrator, that he prepared the statement (the complaint) and that in so doing obtained his information of the facts set forth therein from an official transcript of the weekly reports received by the Bureau of Animal Industry of the Department of Agriculture of the Commonwealth of Pennsylvania. In other words the complainant has secured the facts which he has set forth in his complaint from competent, official, governmental records and this is sufficient for the purpose.

The restraining order is therefore valid, sufficient and in conformity with the Rules of Civil Procedure, and the allegation that defendant is engaged in a course of conduct that constitutes a violation of an important war measure is in itself a sufficient basis for the issuance of a temporary restraining order by this Court.

It is ordered that the defendant's motion to dissolve the temporary restraining order heretofore issued be and is hereby dismissed.