MARIA A. LARSSON, Appellant, v. CEDARS OF LEBANON HOSPITAL (a Corporation) et al., Respondents.

Maria A. Larsson, in pro per., and Arnold O. Steele for Appellant.

Schell & Delamer, Reed & Kirtland and Robert C. Packard for Respondents.

SHINN, P. J.—■ This is an appeal by plaintiff from a judgment of dismissal following a determination by the court that the action was barred by the statute of limitations. The suit is against Cedars of Lebanon Hospital, Charles C. Manger Company, a corporation, and Dr. David L. Reeves, charging negligence and malpractice. It was alleged in the

fourth amended complaint that pursuant to award of the Industrial Accident Commission requiring Cedars of Lebanon Hospital to furnish plaintiff further medical or surgical treatment as might reasonably be necessary to cure or relieve from the effects of an injury theretofore suffered by her, defendant Reeves, as agent of the hospital, performed an operation upon plaintiff. This operation was performed July 25, 1940. It was also alleged that Charles C. Manger Company operated a sanitarium as the agent of defendant hospital; that plaintiff was sent to the sanitarium September 24, 1940 and was discharged therefrom December 23, 1940. Dr. Reeves was accused of malpractice, the hospital company and the Manger Company with negligence in the treatment and care furnished plaintiff, her alleged injuries being set forth at length. No acts of negligence or malpractice were alleged as of a date subsequent to December 23, 1940. The fourth amended complaint was filed by E. W. Miller, as attorney for plaintiff. The present action was instituted by another attorney August 12, 1943, against Cedars of Lebanon Hospital and Dr. Reeves. The complaint alleged negligence in connection with the operation of July 25, 1940, but no facts were alleged which would have tolled the running of the statute of limitations during the more than three-year period between the date of the alleged negligence and the institution of the action. By subsequent amendments Manger Company was added as a defendant and in the fourth amended complaint it was alleged that on the 25th day of July, 1940, and continuously until the 9th day of August, 1943, plaintiff was of unsound mind and mentally incompetent, and that from on or about the 24th day of June, 1941, until the 9th day of August, 1943, was under the disability of an adjudication of incompetency, and was an insane person within the meaning of section 352 of the Code of Civil Procedure. No other facts were alleged which would have affected the operation of the statute of limitations. The demurrer of the Manger Company to the fourth amended complaint was sustained without leave to amend and the action was dismissed as to it, but no appeal has been taken from that judgment. The action came on for trial December 9, 1947. Plaintiff was then represented by a third attorney, Neal E. Dow, but a mistrial resulted. Thereafter on motion of defendants it was ordered that a separate trial be had of the defense of the statute of limitations pleaded by all defendants and the defense of the Cedars of Lebanon

Hospital that the court was without jurisdiction to try the action. Defendants at that time waived the right to urge dismissal of the action for want of prosecution under section 583 of the Code of Civil Procedure. Plaintiff was then appearing in propria persona, and so appeared at the time of the trial of the preliminary issues. In the meantime plaintiff had demanded a jury and the court had authorized the prosecution of the action *in forma pauperis*. On July 7, 1948, the court undertook to try the special defense of the statute of limitations, and jurors were in attendance. In the preliminary discussions between plaintiff, defendants' attorneys, and the court it appeared that plaintiff repudiated the allegations of incompetency contained in her fourth amended complaint. She asserted that they had been placed in the complaint by her attorney without her knowledge or consent, and that they were false. The trial judge explained to her that such allegations of incapacity to sue were necessary, and that they would have to be supported by proof, as otherwise the judgment would go against her because of the delay in bringing suit. This was the sole subject of a discussion which extended into the second day of the trial. The court was extremely solicitous of plaintiff's rights and exercised not only patience but perseverance in an effort to persuade plaintiff that it would be necessary for her to alter her position with respect to her alleged incompetency. All this is disclosed in nearly 100 pages of reporter's transcript. She was advised that she should not try the case herself, but should have an attorney. The same advice had been given her by other judges. She replied that attorneys she had consulted had advised her that as long as she maintained her attitude she could not overcome the defense of the statute of limitations and that they were powerless to help her. Among those who had attempted to assist her were representatives of the Legal Aid Society who had been called in by another judge before whom one phase of the case was pending. She had stated then that she had consulted about 40 or 50 lawyers. The record is replete with evidence of offers of assistance by members of the bar and friendly advice from the court. Plaintiff made clear to the court that she would not offer evidence, or attempt to prove the allegations of incompetency, and insisted that she had never been incompetent. When the court offered to appoint an attorney for her she stated: "I absolutely refuse to have an attorney appointed for me. I absolutely refuse because I am not an insane person."

It was stipulated during the hearing which resulted in the dismissal that the testimony given on behalf of plaintiff at the former trial upon the issue of incompetency be received in evidence. The transcript contains the testimony of 10 witnesses who had testified for plaintiff. Although most of the testimony was adverse to the contention that plaintiff was incompetent in July, 1940, there was some evidence that both before and after that date her conversation was sometimes irrational.

Both defendants made motion for a dismissal of the action upon the ground of plaintiff's repudiation of the allegations of incompetency in her complaint, and her insistence that she had been competent at all times and would not offer evidence to the contrary. The motion was denied and the matter was further discussed until the motion was renewed upon the following day, when it was granted. At that time the court stated it would be almost farcical, under the circumstances, to submit the question to a jury. It is altogether clear that if plaintiff had expressed a willingness to offer testimony upon the issue of incompetency the case would have been tried to a jury. We think it was the duty of the court to grant the motion of the defendants and dismiss the action.

The adjudication of incompetency on June 24, 1941, did not raise a presumption that plaintiff had been incompetent prior to that time. (*Avery* v. *Avery*, 42 Cal.App. 100, 102 [183 P. 453].) The last act of alleged negligence of defendant hospital may be taken to have occurred December 23, 1940, and as to defendant Reeves, July 25, 1940. The statute commenced to run as to the respective defendants upon those dates and incompetency occurring later would not have interrupted its operation. (Code Civ. Proc., § 352; *Davis* v. *Hart*, 123 Cal. 384, 388 [55 P. 1060]; *Rose* v. *Petaluma & Santa Rosa Ry. Co.*, 64 Cal.App. 213 [221 P. 406]; 16 Cal. Jur., § 153, p. 557; 54 C.J.S., § 218, p. 252.)

Section 581c, Code of Civil Procedure, provides for the granting of a nonsuit upon the opening statement of plaintiff and that unless the court orders otherwise the judgment operates as an adjudication upon the merits. (See *Wrightson* v. *Dougherty*, 5 Cal.2d 257, 262 [54 P.2d 13]; *Porter* v. *Fiske*, 74 Cal.App.2d 332, 335 [171 P.2d 971].) The proceedings in the present case amounted to a good deal more than an opening statement by plaintiff. Although, in a technical sense, it did not amount to an abandonment of the case (Code Civ.

Proc., § 581(4)), her persistent refusal to proceed as the court advised was necessary rendered it impossible for her to receive a favorable decision on the issue. The result is that in a practical sense plaintiff did abandon her case.

It would have been an idle act to empanel a jury to try the issue as long as plaintiff remained adamant in her determination not to produce evidence that she was incompetent when her causes of action accrued, or even to admit that fact. She has not changed her attitude. This is shown by her opening brief of 62 pages which represents her own handiwork. She was represented by an attorney in taking the appeal but he felt obliged to be relieved from his assignment. His motion for leave to withdraw was granted, with the consent of plaintiff.

It appears from the record that nothing has been left undone to assist plaintiff to present her case properly and effectively. There is no reason to believe that, if given an opportunity, she would ever accept the advice and assistance which she has repeatedly rejected. Litigation sometimes creates such unfortunate situations, for which there is no remedy except through termination of the litigation. Any feeling of sympathy inclining us to allow the present litigation to be prolonged would be misguided.

The judgment is affirmed. The attempted appeals from numerous orders made prior to judgment are dismissed.

Wood, J., and Vallée, J., concurred.