lower when a loan is secured. *See Neal,* 789 F.2d at 1288 n. 11.

Finally, the *Armour* court increased the treasury bill rate by 2% for risk, then decreased it by 1% to account for the security. The government claims that the magnitude of these adjustments was arbitrary. To some degree that may be true. But rough estimates are better than no estimates. We are willing to rely on the expertise of the bankruptcy judge in a case such as this, particularly where no contrary evidence was introduced. A bankruptcy court should be accorded substantial deference in these matters because it has "almost daily experience with the rates charged by actual commercial lenders and other financier's [sic] of chapter 11 debtors." *In re Fi-Hi Pizza,* 40 B.R. 258, 271 (Bankr.D.Mass.1984). We uphold the bankruptcy court's judgment here.

## IV.

### CONCLUSION

It follows that we reject the government's argument that it is entitled to interest at the 26 U.S.C. § 6621 rate on tax payments deferred under 11 U.S.C. § 1129(a)(9)(C). We hold that the bankruptcy court must make a case-by-case determination of what interest rate the reorganizing debtor would have to pay a creditor in order to obtain a loan on equivalent terms in the open market. In *Hadrian* and *Camino Real,* the bankruptcy court erroneously equated the § 1129(a)(9)(C) rate with the government's borrowing costs, as evidenced by the rate of interest on treasury obligations. We reverse the district court judgments upholding these decisions and remand to the district court with instructions to remand to the bankruptcy court for a determination of the correct § 1129(a)(9)(C) rates in accordance with this opinion. For reasons already stated, we affirm the decision in *Armour.*

AFFIRMED as to No. 86–6310.

REVERSED as to Nos. 86–6165 and 86–6174.

Gamal S. **HENEIN,** Plaintiff-Appellant,

v.

**SAUDI ARABIAN PARSONS LIMITED,** an unincorporated association, Defendant-Appellee.

No. 85–6128.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 6, 1986.

Decided June 5, 1987.

Michael W. Atkin, Los Angeles, Cal., for plaintiff-appellant.

William Foutz, Los Angeles, Cal., for defendant-appellee.

Before TANG and BRUNETTI, Circuit Judges, and THOMPSON,* District Judge.

TANG, Circuit Judge:

Gamal S. Henein appeals a grant of summary judgment to Saudi Arabian Parsons Limited ("SAPL") on various claims arising out of the termination of Henein's employment with SAPL and out of an automobile accident that occurred during the course of that employment. The district court dismissed Henein's declaratory judgment, breach of contract and defamation [1] claims, finding his termination justified because the Saudi government ordered the termination and banished Henein from the country for violating its drug laws. The district court dismissed Henein's claims for negligence and misrepresentation because of the lack of admissible evidence, and dismissed his claim for intentional infliction of emotional distress as barred by the applicable statute of limitations. The district court found in the alternative that Henein's claims were barred by his failure to comply with certain grievance procedures provided in the employment contract. We affirm.

## I. BACKGROUND

Henein is a citizen of the United States of America, residing in the Central District of California. SAPL is an unincorporated association organized under the laws of the Kingdom of Saudi Arabia. Since 1977, SAPL has performed construction management services for the Royal Commission for Jubail and Yanbu, an agency of the Saudi Arabian Government.

On April 28, 1980, Henein and SAPL entered into a written employment agreement under which Henein was to perform services as a "principal civil engineer" in Saudi Arabia from May 22, 1980 until June 30, 1981. Section 12.1.A of this agreement provided that SAPL could terminate the agreement for cause, including "illegal use of drugs, ... failure to comply with the local customs or laws of Saudi Arabia, ... and conduct ... detrimental to SAPL...." Section 27 of the agreement provided that it constituted "... Employee's entire agreement with SAPL and that no promises or understandings have been made other than those stated ... [and that] this Agreement shall be subject to modification only by written instrument signed by both SAPL and the Employee."

Prior to executing the contract, Henein was given two informational pamphlets by SAPL. These materials apprised Henein of what to expect in Saudi Arabia, contained information about what he might wish to bring, and advised him that he should carry the prescription if he brought any prescription medicine with him into the country.

On May 14, 1981, Henein was involved in an accident when the automobile he was driving collided with a truck. Henein was hospitalized in Saudi Arabia for extensive injuries. Approximately two weeks after the accident, Henein was transported to Los Angeles where he continued his hospitalization.

During the investigation of the automobile accident, Saudi police discovered restricted drugs in Henein's briefcase in his automobile. The Saudi officials ordered that Henein be removed from Saudi Arabia, his employment terminated, his passport turned over to Saudi authorities, and his

---

* Honorable Bruce R. Thompson, Senior United States District Judge for the District of Nevada, sitting by designation.

1. The dismissal of the defamation claim is not appealed.

name placed on the list of those prohibited from entering Saudi Arabia.

On June 30, 1981, the date on which the employment agreement was due to expire, Henein received a telegram from SAPL that his employment was terminated for cause. The termination for cause deprived Henein of certain benefits to which he would otherwise have been entitled.

On May 13, 1982, Henein filed a complaint against SAPL in district court seeking declaratory relief and damages for breach of contract, negligence, defamation, intentional infliction of emotional distress, and misrepresentation. The complaint was amended on January 3, 1983. SAPL appeared to contest service and moved to dismiss for lack of in personam jurisdiction. The district court denied the motion.[2] On July 9, 1984, the district court granted summary judgment in favor of SAPL on Henein's declaratory judgment, breach of contract, and defamation claims. On June 24, 1985, the district court granted summary judgment in favor of SAPL on Henein's negligence, intentional infliction of emotional distress, and misrepresentation claims. The district court also denied Henein's motion for reconsideration of its earlier summary judgment ruling. Final judgment was entered on July 16, 1985. Henein timely appealed on July 19, 1985.

## II. QUESTIONS PRESENTED

A. Did the district court err in finding Henein's termination to be justified under the terms of his employment contract?

B. Did the district court err in finding that there was no admissible evidence to support Henein's negligence and misrepresentation claims?

C. Did the district court err in dismissing Henein's claim for intentional infliction of emotional distress?

**2.** SAPL does not contest the district court's finding of in personam jurisdiction in this appeal.

## III. ANALYSIS

This court reviews the grant of summary judgment de novo. *Planet Insurance v. Mead Reinsurance Corp.*, 789 F.2d 668, 670 (9th Cir.1986). "Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Id.* California law controls the substantive issues in this diversity case.

**A. Did the district court err in finding Henein's termination to be justified under the terms of his employment contract?**

The district court held that SAPL was entitled to discharge Henein, pursuant to the unambiguous terms of his employment contract, because the Saudi Arabian government ordered his termination and banished him from the country following the discovery of restricted drugs in his automobile. Henein argues: (1) that SAPL failed to introduce admissible evidence of the Saudi government's banishment order; and (2) that SAPL should not be permitted to rely on the banishment order to justify the termination.

*1. Evidence of the Act of Banishment*

SAPL relied on the declarations of three of its supervisory employees, Ronald L'Hommedieu, Dave Holleman, and John Mewha, to establish that Saudi Arabia ordered SAPL to terminate Henein's employment and banished Henein from the country. SAPL also relied on Henein's tacit admission that he had been banished in the form of Henein's request that SAPL intercede on his behalf with the Saudi government. Henein produced no evidence disputing these facts;[3] instead, Henein challenges the admissibility of SAPL's evidence. We find sufficient admissible evidence of the Saudi government's acts to support summary judgment in this case.

Henein first challenges the admissibility of the declarations as hearsay. Under Fed.

**3.** Henein did submit evidence tending to show that he has not been barred from reentering Saudi Arabia, a collateral matter raised in the declarations.

R.Evid. 801, hearsay "is a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." Hearsay is inadmissible in a court of law unless it comes under one of the exceptions set forth in Fed.R.Evid. 803. *Haddad v. Lockheed California Corp.*, 720 F.2d 1454, 1456 (9th Cir.1983). "The hearsay rule does not operate to render inadmissible every statement repeated by a witness as made to another person. It does not exclude evidence offered to prove the fact that a statement was made, rather than the truth [of the statement]." *United States v. Anfield*, 539 F.2d 674, 678 (9th Cir.1976).

■ The L'Hommedieu declaration states that a Saudi official with the title of Security Coordinator, Captain Yousif Hijr, told L'Hommedieu to discharge Henein and demanded that SAPL surrender Henein's passport. This is not hearsay. The *reason* given by Hijr, Henein's possession of illegal drugs, may be inadmissible hearsay if offered to prove that Henein did in fact possess such drugs, but the fact that SAPL was ordered by a Saudi official to discharge Henein and to insure that Henein leaves the country is certainly not hearsay—it is direct testimony about an act performed by the Saudi government.

■ The Holleman declaration introduces internal Saudi government memoranda given to Holleman by Hijr. The same principle applies. The *contents* of the memoranda may or may not be truthful and are inadmissible if offered for the truth of the matters stated therein, but the fact of their receipt is admissible to establish that SAPL believed that the Saudi government had ordered Henein's termination and expulsion from the country. *See Jones v. Los Angeles Community College District*, 702 F.2d 203, 205 (9th Cir. 1983).

■ The Mewha declarations state that Mewha was informed that the Saudi police had ordered Henein to leave the country because Henein possessed restricted drugs,

that after the termination SAPL made inquiries of the Saudi government on Henein's behalf, and that the reason for Henein's discharge was the order of the Saudi government. A letter Mewha received from a Saudi official verifying that Henein would not be permitted to return is attached to one of the declarations. Unlike L'Hommedieu, Mewha does not testify based on personal knowledge to any conduct by the Saudi government prior to the termination. Mewha's declarations are admissible, however, to show the reason for the termination, that Henein had requested SAPL's assistance in convincing the Saudi government to reconsider its determination, and that Henein would not be permitted to return to Saudi Arabia.

■ Henein next argues that the memoranda are inadmissible because they were not properly authenticated as official foreign records under Fed.R.Civ.P. 44(a) and Fed.R.Evid. 901 and 902(3). The memoranda were not offered as official records, and the rules cited by Henein are simply inapplicable.

■ Henein further argues that the translations of the memoranda from Arabic to English were not properly authenticated. There is no signature of the translator on either document, nor does either document contain a statement that the translation is accurate and complete. Henein is correct that the translations as presented in SAPL's moving papers were thus technically improper, but the transcript of oral argument on the motion reveals that counsel for SAPL presented certifications of the translations to the court at that time.[4] At oral argument on the motion, Henein's counsel further conceded that the substance of the translations was correct, although he did dispute the meanings of selected words. While we do not approve of the slipshod presentation by SAPL's counsel, we can find no error in the district court's consideration of the translations.

■ Finally, we note that Henein could not create a *genuine* issue of material fact

**4.** The certifications themselves are not in the record.

based on his evidentiary challenges to the fact of his banishment even if such challenges were well founded. The Mewha supplemental declaration explains that, after the termination, Henein sought SAPL's help in overturning the Saudi government's determination that he had possessed illegal drugs. Henein's own undisputed conduct thus establishes that there is no real dispute whether the Saudi government had decided that Henein had violated its laws and customs. Summary judgment was appropriate.[5]

### 2. Whether SAPL should have been permitted to rely on the banishment order to justify Henein's termination

Henein argues that SAPL should not have been permitted to rely on the Saudi government's banishment order to justify his termination because SAPL had advised him that it was legal to possess drugs in Saudi Arabia under a valid prescription. Henein argues, without citation to authority, the SAPL's advice is binding "and that the act of state doctrine may not be imposed as an excuse for non-payment of defendant's monetary obligations under the employment contract."

■ Henein is incorrect. Section 12.1.A of the contract expressly provides that Henein may be discharged for violation of the local laws and customs of Saudi Arabia. SAPL presented uncontroverted evidence that Henein had been banished for violation of the local laws and customs of Saudi Arabia and that he was discharged for this reason. The act of the Saudi government thus constitutes a proper reason for termination under the contract.

■ At best, although not framed in this manner or properly pleaded, Henein's argument might be construed as a contention that SAPL should be *estopped* from relying on the act of banishment to justify the termination because SAPL advised him that the conduct resulting in the banishment order—possession of restricted drugs—was permissible. SAPL's only representations concerning drugs appear to be two lines in the informational pamphlets given to Henein advising him that he could bring prescription medicine into Saudi Arabia and that he should also carry the prescription itself. This is plainly insufficient to establish an estoppel as Henein presented no evidence that SAPL knew or should have known that its representations concerning prescription drugs were untrue. *See In re Lisa R.*, 13 Cal.3d 636, 645, 119 Cal.Rptr. 475, 480–81, 532 P.2d 123, 128–29, *cert. denied*, 421 U.S. 1014, 95 S.Ct. 2421, 44 L.Ed.2d 682 (1975); Cal.Evid.Code § 623.

Summary judgment was appropriate on the claims for breach of contract and declaratory relief.[6]

### B. Did the district court err in finding no admissible evidence to support Henein's negligence and misrepresentation claims?

#### 1. Negligence

■ Henein's claim for negligence arises from his collision with a truck he alleges was owned by SAPL and driven by a SAPL employee. The district court found no evidence to support the claim because Henein

---

**5.** The parties devote considerable attention to the question whether the banishment order constitutes an "act of state" and whether the district court should have considered disputed evidence about the accuracy of the Saudi government's determination. These matters are completely irrelevant to this dispute. Even if Henein had conclusively established that the Saudi government's orders were incorrect and that he was not in possession of illegal drugs, SAPL would still have been bound by the Saudi decree and entitled to discharge Henein under the express terms of the employment contract.

**6.** Henein also contends that the district court erred in failing to reconsider its written order dismissing the entire breach of contract claim, rather than simply adjudicating whether SAPL had the right to terminate Henein as the court had indicated in its oral ruling on the motion. All of Henein's contract claims depend on a determination that he was terminated without cause. The motion for reconsideration was properly denied.

could not connect either the driver or the truck to SAPL. On appeal, Henein argues that summary judgment was impermissible because the district court improperly weighed conflicting evidence.

SAPL offered uncontroverted evidence that it was not the owner of the truck. SAPL presented the declaration of Fred Taeger, who had arrived at the scene shortly after the accident, that the truck was a large Mercedes tandem-rear-axles truck designed for hauling aggregates such as sand or gravel. Taeger further stated that the truck did not bear SAPL's logo on its side. SAPL also offered the declaration of Karl Talpai, acting manager of transportation at SAPL, that SAPL owned no truck larger than a pick-up truck in its entire fleet. When deposed, Henein had also stated that he collided with a "very big" truck of the type used for hauling aggregates.

Henein's only evidence linking SAPL to the driver and the truck was his own account of a conversation he had with Saudi government officials while he was in the hospital in Saudi Arabia. Henein states that he was visited by Saudi officials who asked him to forgive the driver of the other vehicle and who told him that the other driver was one of his "co-workers." The district court found that Henein's declaration was "complete" hearsay because the declarants were not in court and it was offered to prove as true a connection between SAPL and the driver. This ruling was correct. Fed.R.Evid. 801, 803. There was no improper weighing of the evidence; Henein's only evidence was properly excluded. Summary judgment was appropriate.

### 2. Misrepresentation

█ In his complaint, Henein alleged that SAPL had made fraudulent representations to him regarding (1) his housing in Saudi Arabia; (2) the nature of his duties; and (3) working conditions in Saudi Arabia. Under California law, the elements of a cause of action for intentional misrepresentation are:

(1) A promise made regarding a material fact without any intention of performing it; (2) the existence of the intent at the time of making the promise; (3) the promise was made with intent to deceive or with intent to induce the party to whom it was made to enter into the transaction; (4) the promise was relied on by the party to whom it was made; (5) the party making the promise did not perform; (6) the party to whom the promise was made was injured.

*Muraoka v. Budget Rent-A-Car, Inc.*, 160 Cal.App.3d 107, 119, 206 Cal.Rptr. 476, 482 (1984). The district court dismissed Henein's misrepresentation claims because he failed to introduce any admissible evidence of a prima facie case of misrepresentation.

Henein argues that the district court improperly excluded evidence of promises made outside of the employment contract, some of which were oral and most of which were contained in the pamphlets given to Henein by SAPL. Section 27 of the employment agreement between SAPL and Henein states that the contract constitutes "... Employee's entire agreement with SAPL and that no promises or understandings have been made other than those stated ... [and that] this agreement shall be subject to modification only by written instrument signed by both SAPL and the Employee." The employment agreement is clear on its face and the district court properly excluded Henein's testimony concerning promises extrinsic to the fully integrated contract under the parol evidence rule. *See Telco Leasing, Inc. v. Transwestern Title Co.*, 630 F.2d 691, 693 (9th Cir.1980); *Sullivan v. Massachusetts Mutual Life Insurance Co.*, 611 F.2d 261, 263–65 (9th Cir.1979).

In any event, Henein failed to establish any genuine issue of material fact concerning other elements of a claim for misrepresentation. No evidence was submitted on SAPL's intent to deceive, nor did Henein establish that he relied on the representations. Summary judgment was appropriate.

**C. Did the district court err in dismissing Henein's claim for intentional infliction of emotional distress?**

Henein claims SAPL intentionally inflicted emotional distress upon him by: (1) wrongfully threatening him with termination of his employment contract; (2) materially and unilaterally changing the nature of his employment agreement; (3) forcing him to live with a person known to be violating the laws of Saudi Arabia; and (4) restricting his freedom of travel by wrongfully detaining his passport. All of these alleged acts occurred before the automobile accident and more than one year prior to the filing of the complaint. The district court held the claim time barred under section 340(3) of the California Code of Civil Procedure.

 On appeal, Henein argues that the statute was tolled under section 352(a) of the California Code of Civil Procedure because he was incapacitated by the accident. Section 352(a) provides: "If a person entitled to bring an action, mentioned in Chapter 3 of this title, be, at the time the cause of action accrued ... insane ... the time of such disability is not a part of the time limit for commencement of the action." Henein does not allege that he was incapacitated at the time the cause of action *accrued;* i.e., at the time SAPL is alleged to have done the acts constituting intentional infliction of emotional distress. *See Larsson v. Cedars of Lebanon Hospital,* 97 Cal.App.2d 704, 218 P.2d 604, 606 (1950). Moreover, "mere physical disability or nervous shock following an accident" do not constitute insanity under the statute. *Baker v. Beech Aircraft Corp.,* 39 Cal. App.3d 315, 322, 114 Cal.Rptr. 171, 176 (1974). The statute therefore was not tolled. Henein's claim for intentional infliction of emotional distress is time barred.[7]

### CONCLUSION

The judgment of the district court is AFFIRMED.

7. In view of the foregoing, we do not reach the question whether Henein's claims are independently barred by his failure to comply with the grievance procedures provided in the employment contract.