Filed 2/18/15  Reed v. Tong CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| ZSHONETTE REED,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>TU MY TONG,<br><br>        Defendant and Appellant. | B242698<br><br>(Los Angeles County<br> Super. Ct. No. LC078351) |

APPEAL from a judgment of the Superior Court of Los Angeles County, James A. Kaddo, Judge.  Affirmed.

Tu My Tong, in pro. per., for Defendant and Appellant.

Lorden & Reed and Zshonette L. Reed for Plaintiff and Respondent.

# INTRODUCTION

Attorney Zshonette Reed and the firm of Lorden & Reed (collectively "Reed") sued Tu My Tong ("Tong") based upon Tong's failure to pay for legal services rendered by Reed. After Reed prevailed at trial on a quantum meruit theory, Tong appealed, contending that the trial court had erroneously denied her motion for leave to file a compulsory cross-complaint. In an unpublished decision, we reversed the judgment to permit Tong to file her compulsory cross-complaint. (*Reed v. Tong*, November 17, 2010, B212743 [nonpub. opn] (*Reed I*).) However, we qualified the reversal with the following directions: If Reed was successful in obtaining a pretrial dismissal of the cross-complaint, the trial court was to reinstate Reed's judgment on the quantum meruit action. If, however, Tong's cross-complaint survived pretrial litigation, the trial court was to conduct a new trial on Reed's complaint and Tong's cross-complaint. (*Ibid.*)

On remand, Tong was permitted to file a cross-complaint alleging causes of action for breach of contract, declaratory relief, and legal malpractice. On the first day of trial, Tong indicated that she did not have an expert witness to testify in support of her cross-complaint and that she would not go to trial because of the trial court's purported bias against her. The trial court granted Reed's motion for a nonsuit and reinstated the judgment in Reed's favor, and it is from that later judgment reinstating the earlier judgment that Tong now appeals.

Tong, who is in propria persona, has submitted an appellate brief that is unintelligible and does not comply with appellate rules. We therefore deem any and all arguments to be forfeited. Moreover, despite procedural irregularities in the trial court's rulings, we conclude that Tong abandoned her claims and thus the dismissal of her cross-complaint can be affirmed on that basis. We therefore affirm the judgment.

2

## FACTUAL AND PROCEDURAL BACKGROUND

The appellate record provided by Tong is inadequate; for instance, it does not include the judgment from which she appeals. In an attempt to discern the basis for Tong's appeal, and in light of her declaration indicating that the judgment and other records were missing from the superior court file at the time the appendix was filed, we have exercised our discretion to take judicial notice of the contents of the superior court file. We have gleaned the facts and procedural history from the superior court file and our previous opinion in *Reed I*, in addition to the appellate record provided by Tong.

In June 2007, Reed filed an action against Tong for breach of contract, quantum meruit and fraud based upon Tong's failure to pay for legal services Reed provided Tong in two separate lawsuits. In April 2008, Tong, who was in propria persona, filed an application for leave to file a cross-complaint against Reed for breach of contract and legal malpractice arising out of the same representation for which Reed sought recovery of fees. The trial court denied Tong's application, finding it untimely.

Reed dismissed the claims for breach of contract and fraud, and a jury trial was held in September 2008 on Reed's quantum meruit claim seeking the reasonable value of services provided in representing Tong in two actions. The jury awarded Reed $32,453.50 for work reasonably expended, and the trial court awarded Reed costs ($2,267.21) and interest (10 %). The trial court subsequently ordered that another law firm holding funds belonging to Tong turn over to Reed the sum of $40,225.21, in satisfaction of the judgment.

On appeal, in *Reed I*, we reversed the judgment with directions. We determined that the trial court had erroneously denied Tong's motion for leave to file a compulsory cross-complaint on the ground that the motion was untimely, which is not a sufficient basis for denying such leave. We found that reversal of

3

the judgment on Reed's claim was required, because had Tong been permitted to file her cross-complaint and try her counter-claims at the same time as Reed's quantum meruit claim, "the parties would have had the opportunity to present expert witnesses about the nature and quality of Reed's legal services and Tong could have presented evidence about how Reed's alleged failures damaged her. Consequently, Tong's claims for breach of contract and legal malpractice might reasonably have affected the outcome of the quantum meruit trial." However, we agreed with Reed that "a complete reversal of the judgment it obtained could be wasteful because Tong's cross-complaint may not survive pretrial litigation." Therefore, we "reverse[d] the judgment to permit Tong to file the proposed cross-complaint and Reed to test its sufficiency and merits short of trial." We further ordered that "[i]f Reed succeeds in obtaining a pretrial dismissal of the cross-complaint for any reason, then the trial court is to reinstate Reed's judgment on the quantum meruit action. If, on the other hand, Tong's cross-complaint survives pretrial litigation, the trial court is to conduct a new trial on Reed's complaint and Tong's cross-complaint." (Fn. omitted.)

On remand, Tong was permitted to file her cross-complaint for breach of contract, legal malpractice, and declaratory relief, followed by a first and a second amended cross-complaint. The cause of action for breach of contract alleged that Reed breached the parties' oral agreements, some of which were later reduced to writing, "by failing to perform services necessary to the representation of [Tong], performing unnecessary work, overcharging for work performed, charging unreasonable and/or unconscionable fees not reasonably related to the reasonable value of their services and charging for hours in excess of the hours actually performed in providing legal services to [Tong]." The cause of action for malpractice alleged that Reed had (1) failed to timely file necessary pleadings and to enter defaults against opposing parties; (2) handled a matter requiring

4

bankruptcy expertise that Reed did not possess; (3) abruptly withdrawn as counsel just before trial, prejudicing Tong; (4) unnecessarily hired and incurred fees for an expert who was of no use; and (5) failed to obtain critical documents that would have changed the outcome in litigation.

Tong also moved for an order compelling Reed to disgorge $40,225.21 in funds obtained after the original judgment was entered. On May 24, 2011, the court granted Tong's motion to compel disgorgement, and ordered Reed to turn over the sum to Tong because the judgment had been reversed on appeal. Reed moved to vacate the order requiring her to disgorge the funds. As of the trial date, the trial court had not yet ruled on that motion.

Before trial, Reed moved to exclude any expert witness testimony, specifically excluding testimony as to the claim of malpractice and the unreasonableness of fees and services rendered by Reed. Reed simultaneously moved for a nonsuit as to the legal malpractice claim. The motions were based on Tong's failure to disclose any expert witness before trial or to comply with the expert discovery requirements.

On April 9, 2012, the matter was called for a court trial. Tong indicated that she would not go forward with the trial, because she believed the trial judge was biased against her. The court inquired whether Tong had procured an expert to testify that Reed's representation fell below the standard of care; Tong replied that at that time she had no expert witness because she could not afford to pay one. The court then granted Reed's motion to exclude any expert testimony due to Tong's failure to make the required disclosures and to designate an expert.

At that time, the court also granted Reed's motion for a nonsuit, finding that the claim was not supported by sufficient evidence because there was no expert testimony to support Tong's claim for legal malpractice. Although the cross-complaint also alleged causes of action for breach of contract and declaratory

5

relief, Reed indicated that it was her understanding that the appellate court had directed that only Tong's malpractice claim could be asserted in the cross-complaint on remand. The court indicated that a judgment in favor of Reed and against Tong would be entered.

After reading the directions from this court in *Reed I*, the trial court stated as follows: "In compliance with that direction from the appellate court, the court finds that Tong's cross-complaint has not survived the pretrial motion. And, therefore, the court has granted judgment for the cross-defendant in that matter. And pursuant to the instruction of the appellate court, the original judgment obtained in this matter is reinstated fully, and there will be no further trial on this case."

A judgment in favor of Reed was entered, indicating that it was a judgment "after court trial." The judgment provides that "[t]he Judgment entered on October 15, 2008, in favor of Plaintiffs Zshonette Reed and Lorden & Reed, and against Defendant Tu My Tong is hereby reinstated." Subsequently, the court granted Reed's motion to vacate the May 24, 2011 order requiring Reed to disgorge the $40,225.21 in funds that had been held for Tong.

Tong timely appealed from the judgment.

## DISCUSSION

Tong's brief on appeal is unsupported by pertinent legal authority, and does not appear to raise any cognizable arguments connected to the judgment granting a nonsuit in favor of Reed. It is well settled that the failure to make a coherent argument constitutes a waiver of an issue on appeal. (*Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545–546 ["[I]t is established that '. . . an appellate brief "should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as

6

waived, and pass it without consideration."'"].) "This court is not inclined to act as counsel for . . . appellant and furnish a legal argument as to how the trial court's rulings . . . constituted an abuse of discretion.' [Citation.]" (*Ibid.*; *Inyo Citizens for Better Planning v. Inyo County Bd. of Supervisors* (2009) 180 Cal.App.4th 1, 14 ["We do not serve as 'backup appellate counsel,' or make the parties' arguments for them.]".) Nor does the fact that Tong is unrepresented by counsel entitle her to special consideration. (*Burnete v. La Casa Dana Apartments* (2007) 148 Cal.App.4th 1262, 1267 ["'"'[T]he in propria persona litigant is held to the same restrictive rules of procedure as an attorney"'"].) Thus, Tong has forfeited her arguments on appeal.

Moreover, "'[a] judgment or order of the lower court is *presumed correct* . . . and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.) In this case, Tong has failed to meet her burden on appeal to affirmatively show prejudicial error based on adequate legal argument and citation to the record. (*Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 556–557.)

Although Tong's brief does not raise them, we recognize that there were some procedural irregularities in the trial court's disposition of this matter. To begin with, the trial court granted Reed's motion for a nonsuit at the outset of the trial, when such a motion may not be granted until after the plaintiff's opening statement. (*Lingenfelter v. County of Fresno* (2007) 154 Cal.App.4th 198, 207; Code Civ. Proc., § 581c, subd. (a).) However, in this case, Tong indicated that she would not proceed with the trial, and thus made plain that she would not be making an opening statement. Thus, any irregularity in granting the motion at that juncture did not prejudice Tong, because she had indicated she would not proceed with the

7

trial. (See *Atkinson v. Elk Corp.* (2003) 109 Cal.App.4th 739, 748-749 [where trial court granted nonsuit on its own motion, prior to oral argument, appellate court would not reverse in absence of showing of prejudice].) Moreover, because Tong failed to raise the issue, she has forfeited any challenge based on the irregular timing of the grant of a nonsuit.

Similarly, Tong has forfeited any contention that the trial court erroneously granted a nonsuit as to her causes of action for breach of contract and declaratory relief, when Reed moved for a nonsuit only as to the malpractice claim.[1] Even if she had raised the issue, the trial court's dismissal of all the claims may be affirmed on the basis of Code of Civil Procedure section 581, subdivision (d), which provides, in relevant part: "[T]he court shall dismiss the complaint . . . in its entirety . . . with prejudice, when upon the trial and before the final submission of the case, the plaintiff abandons it." In this case, when Tong stated her intention not to proceed after the case had been called for trial, she signaled her intention to abandon the matter "upon the trial," triggering the court's power to dismiss her cross-complaint with prejudice. (Code Civ. Proc., § 581, subd. (d); see *Lewis C. Nelson & Sons, Inc. v. Lynx Iron Corp.* (2009) 174 Cal.App.4th 67, 76 [the concept of "trial" in Code of Civil Procedure section 581 includes pretrial procedures that effectively dispose of the case]; *Larsson v. Cedars of Lebanon Hospital* (1950) 97 Cal.App.2d 704, 708 [abandonment found where plaintiff's "persistent refusal to proceed as the court advised was necessary rendered it impossible for her to receive a favorable decision on the issue"]; see also *Lyons v. Wickhorst* (1986) 42

---

[1] Tong makes no intelligible argument that the trial court erred in granting a nonsuit as to her malpractice claim. In any event, because she could not prove her claim without the opinion testimony of an expert witness, the trial court did not err in granting the motion for nonsuit as to that claim. (*Lipscomb v. Krause* (1978) 87 Cal.App.3d 970, 975–976 [affirming grant of nonsuit on malpractice claim where plaintiff failed to produce expert testimony on standard of care].)

Cal.3d 911, 915 [recognizing that trial court may invoke discretionary power to dismiss claims with prejudice where the plaintiff fails to prosecute diligently].)

We note one final irregularity, also not raised by Tong and thus forfeited: Although our instructions in *Reed I* stated that the original judgment was to be reinstated in the event that Tong's cross-complaint was dismissed *prior to trial*, in fact the trial court reinstated the original judgment upon *granting a nonsuit* on Tong's cross-complaint. A motion for a nonsuit is not a pretrial motion, but rather a motion granted once trial has commenced, and thus technically, one could read our instructions to require a retrial of Reed's quantum meruit claim because of the timing of the dismissal of Tong's cross-complaint. However, requiring a retrial of Reed's quantum meruit claim would be both impractical and a waste of judicial resources. In *Reed I*, we reasoned that had Tong been afforded the opportunity to present evidence and expert testimony in support of her cross-complaint, the outcome on Reed's quantum meruit claim might have been different. But on remand, after being allowed to file a cross-complaint, Tong indicated at the outset of trial that she had no expert witness and would not go to trial. As such, Reed's quantum meruit claim would not have been affected by Tong's claims, and there is no basis for holding a new trial on Reed's quantum meruit claim. Therefore, we uphold the decision to reinstate the jury's verdict on Reed's quantum meruit claim.

**DISPOSITION**

The judgment entered in favor of Reed, reinstating the original judgment entered on October 15, 2008, is affirmed.  Reed is to recover costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.



We concur:




EPSTEIN, P. J.




COLLINS, J.

10